UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| WILLIAM POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:21-CV-154 |
| ) | |
| CONSUMER AUTO FINANCE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed a pro se Complaint [Doc. 2] and a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is

sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I.  ANALYSIS

In reviewing a complaint, the Court must first consider whether it has jurisdiction over the matter. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[C]ourts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). Here, the instant matter involves an alleged breach of contract. [Doc. 2]. These types of claims arise out of state law rather than federal law. *See Flynn*

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

*v. Memphis Pathology Lab. (AEL)*, No. 2:19-2882-CV-SHL-TMP, 2020 WL 5801087, at *5 (W.D. Tenn. Sept. 29, 2020). Even so, statutory authority expressly permits state law claims to be brought before a federal district court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . ." and the action is between "[c]itizens of different States[.]" *See* 28 U.S.C. §1332.

The Court notes that the bar is low for a plaintiff to demonstrate the amount in controversy has been met. If a plaintiff alleges the amount in controversy is greater than $75,000.00, for the Court to reject the claim on amount in controversy grounds "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount. . .." *Elkins v. Am. Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752, 759 (S.D. Ohio 2009) (internal citations omitted). Here, Plaintiff alleges he has sustained $550,000.00 in damages due to Defendant's actions. [Doc. 2-1]. There is no evidence in this case that suggests Plaintiff's damages are legally certain to be less than the jurisdictional amount; therefore, as a preliminary matter, Plaintiff has satisfied the amount in controversy requirement.

The Court now must address whether Plaintiff has established complete diversity of the parties. Plaintiff asserts that he is a Tennessee citizen and says that Defendant is incorporated or has its principal place of business in Tennessee. [Doc. 2-1]. Because Plaintiff and Defendant are alleged to be "residents" of the same state for purposes of analyzing diversity, Plaintiff has failed to demonstrate that there is the diversity of citizenship required by 28 U.S.C. § 1332. Without that diversity, this Court is not permitted to exercise jurisdiction over the instant matter.

## II. CONCLUSION

For reasons stated above, it is recommended that Plaintiff's Complaint [Doc. 2] be **DISMISSED** without prejudice. This matter is to be presented to the District Judge pursuant to

this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

                                        Respectfully submitted,

                                        s/ Cynthia Richardson Wyrick
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).